**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

OCT 28 2019

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

| | |
|---|---|
| SHERRY STALCUP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PARAMOUNT RECOVERY SYSTEMS, L.P., | ) |
| | ) |
| Defendant. | ) |

4:19-CV-759-KGB

This case assigned to District Judge _Baker_
and to Magistrate Judge _Deere_

## COMPLAINT

NOW COMES the Plaintiff, SHERRY STALCUP, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, PARAMOUNT RECOVERY SYSTEMS, L.P., Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq., and the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

### II.   JURISDICTION & VENUE

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4.      SHERRY STALCUP, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Benton, County of Saline, State of Arkansas.

5.     The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to Arkansas Emergency Group, PLLC.

6.     The debt that Plaintiff allegedly owed Arkansas Emergency Group, PLLC was for medical services provided to Plaintiff's adult son.

7.     At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8.     At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

9.     PARAMOUNT RECOVERY SYSTEMS, L.P., (hereinafter, "Defendant") is a corporation that has its principal place of business and its offices located in the City of Waco, State of Texas.  Defendant regularly conducts business in the State of Arkansas, and is registered as a foreign limited partnership with the Arkansas Secretary of State.

10.     The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11.     Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12.     During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13.     At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14.     At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

15.     At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

## IV.   ALLEGATIONS

### COUNT I: SHERRY STALCUP v. PARAMOUNT RECOVERY SYSTEMS, L.P. FOR VIOLATIONS OF THE FDCPA

16.     On or about November 30, 2003, Plaintiff took her adult son, Justin Stalcup, to the emergency room at St. Vincent Infirmary Medical Center in Little Rock, Arkansas.

17.     Years later, Plaintiff became the recipient of collection efforts from Phoenix Financial Services, LLC (hereinafter, "Phoenix Financial").  According to Phoenix Financial, Plaintiff owed a debt to Arkansas Emergency Group, PLLC for the medical services provided to her adult son.

18.     Despite Plaintiff not owing the debt, she reluctantly paid it to Phoenix Financial. On or about November 10, 2017, Phoenix Financial sent Plaintiff a correspondence confirming that the debt was paid in full and had a zero balance.

19.     In 2019, Plaintiff again became the recipient of collection efforts for a debt purportedly owed to Arkansas Emergency Group, PLLC (the "Debt").  Upon information and belief, the Debt is the same debt that she had previously paid to Phoenix Financial.

20.     The Debt was seemingly revived and assigned to Defendant for collection from Plaintiff, despite the facts that (1) Plaintiff never owed the Debt, and (2) the Debt was paid in full.

21.     Defendant has reported the Debt to one or more "consumer reporting agency" as that term is defined by §1681a(f) of the Fair Credit Reporting Act, (hereinafter, FCRA). 15 U.S.C. §1681 *et seq.*

22.     Despite the fact that Plaintiff did not owe the Debt because it was not incurred by her and because it was already paid in full, Defendant reported the Debt as being owed by Plaintiff.

23.     Moreover, in June of 2019, Plaintiff contacted Defendant and spoke with a representative who identified herself as "Debbie Mahoney."

24.     During the aforesaid communication between Plaintiff and Defendant in June of 2019, Plaintiff told Defendant that the Debt was not hers and that it was her son, Justin's. Defendant confirmed that the Debt did not belong to Plaintiff, and that it instead belonged to Justin Stalcup. Defendant then advised Plaintiff to submit a dispute to have the account removed from her consumer reports.

25.     Despite the aforesaid conversation, Defendant continued to report the account as owed by Plaintiff.

26.     Despite the fact that Plaintiff contacted Defendant and disputed the Debt, Defendant failed to report the Debt as disputed.

27.     If Defendant had communicated to the CRAs that the debt was disputed as Congress mandated it do in § 1692e(8), the CRAs then would have been required under the Fair Credit Reporting Act, 15 U.S.C. § 1681c(f), to disclose that fact to all subsequent credit grantors and other users of Plaintiff's consumer reports that include information regarding the debt.

28.     In addition, the CRAs' obligatory notation on Plaintiff's consumer reports that the debt is disputed would have neutralized the negative impact of the debt under many credit

scoring systems. See e.g. Saunders v. Branch Banking and Trust Co. of Virginia, 526 F.3d 142, 150 (4th Cir. 2008).

29.     Defendant's failure to comply with §1692e(8) therefore was deceptive and misleading since, among other things, it deprived future users of Plaintiff's consumer reports of essential information relevant to their assessment of Plaintiff's credit worthiness and of Plaintiff's eligibility for other benefits for which the report may be employed and adversely impacted Plaintiff's credit score under certain credit scoring systems.

30.     In its attempts to collect the debt allegedly owed by Plaintiff to Arkansas Emergency Group, PLLC, Defendant violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

a.  Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

b.  Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

c.  Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

d.  Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

31.     As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## COUNT II: SHERRY STALCUP v. PARAMOUNT RECOVERY SYSTEMS, L.P. FOR VIOLATIONS OF THE FCRA

32.     Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

33.     The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

34.     In or around June of 2019, Plaintiff disputed the inaccurate information with the three major consumer reporting agencies (Experian, Equifax, and Trans Union) by written communication to its representatives and by following the aforementioned reporting agency's established procedure for disputing consumer credit information.

35.     Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with the consumer reporting agencies, each consumer reporting agency notified Defendant of Plaintiff's dispute and the nature of the dispute.

36.     Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with the consumer reporting agencies, Defendant received notification from each consumer reporting agency of Plaintiff's dispute and the nature of the dispute.

37.     Upon information and belief, Defendant received from each consumer reporting agency, notice of Plaintiff's dispute by Automated Consumer Dispute Verification Notice.

38.     Upon information and belief, Defendant received from each consumer reporting agency additional information received from Plaintiff relative to additional evidence supporting the dispute.

39.     Defendant then and there owed to Plaintiff a duty to assist the credit reporting agency in a re-investigation into the disputed facts that are being reported about Plaintiff.

40.     Notwithstanding Plaintiff's efforts and Defendant's duties, Defendant continued publishing the inaccurate information and Defendant continued to publish and disseminate such inaccurate information to other credit reporting agencies.

41.     Despite Plaintiff's efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

42.     Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a.  Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

   b.  Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

   c.  Denial of credit, loans, financing and/or other damages, not yet known by Plaintiff; and,

   d.  Decreased credit score which may result in inability to obtain credit on future attempts.

43.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

44.     At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

45.     Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

   a.  Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

   b.  Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to this Defendant;

c. Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

d. Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

e. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

f. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

46.    Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

## V.    JURY DEMAND

47.    Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SHERRY STALCUP, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00 for Defendant's violation of the FDCPA;

c. Statutory damages of $1,000.00 for Defendant's violation of the FCRA;

d. Punitive damages;

e.      Plaintiff's attorneys' fees and costs; and,

f.      Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**SHERRY STALCUP**

By:    s/ David M. Marco
Attorney for Plaintiff

October 21, 2019

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:    (312) 546-6539
Facsimile:    (888) 418-1277
E-Mail:       dmarco@smithmarco.com